IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMES R. GLASS, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE BEST SERVICE CO., INC., ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 08-1021-JTM-DWB |

### COMPLAINT

COMES NOW, plaintiff James R. Glass, Jr., by his counsel, Joseph H. Cassell of Redmond & Nazar, L.L.P., and for his cause of action against defendant The Best Service Co., Inc., pursuant to the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), alleges and states as follows:

### PARTIES

1	Plaintiff James R. Glass, Jr. is a citizen of the state of Kansas, residing at 2010 E. 43rd, Hutchinson, Kansas 67502.

2	Plaintiff is a "consumer" as defined in 15 U.S.C. § 1681a(c) of the FCRA.

3	Defendant The Best Service Co., Inc. is a citizen of the state of California doing business at 10780 Santa Monica Blvd., Suite 140, Los Angeles, California 90025.

4	Defendant is a "person" as defined in 15 U.S.C. § 1681a(b) ("FCRA") and "debt collector" as defined in 15 U.S.C. § 1692a(6), the Fair Debt Collection Practices Act ("FDCPA").

## JURISDICTION AND VENUE

5      This court has general subject matter jurisdiction over plaintiff's federal claims, pursuant to 28 U.S.C. § 1331, specific subject matter jurisdiction, pursuant to 15 U.S.C. § 1681p and 15 U.S.C. § 1692k(d).

6      Venue is proper under 28 U.S.C. §§ 1391(b)(2), (3) and 1391(c), as defendant is engaging in business in the state of Kansas and this district is where defendant's unlawful practices and violations of federal law occurred giving rise to plaintiffs' causes of action occurred.

## FACTUAL ALLEGATIONS

7      Plaintiff had disputed and resolved in late 2006 a matter with Commercial Federal Bank n/k/a Bank of the West concerning improper practices by the bank's Hutchinson branch, 829 E. 30th Street, Hutchinson, Kansas 67504.

8      On or about October 7, 2007, plaintiff received a letter from defendant dated October 1, 2007, advising plaintiff that defendant had been assigned a debt that defendant originally owed to Commercial Federal Bank in the amount of $821.40.  See, Exhibit "A" attached hereto and made a part hereto.

9      Specifically, defendant advised:

> If this account has been resolved in some way in the past, we request that you contact us as indicated in this letter so that we can review your information and take the appropriate action or provide you the appropriate responses.

10      On October 8, 2007, knowing that the debt was incorrect and disputed, plaintiff, pursuant to 15 U.S.C. § 1681i(a)(2), sent by certified mail, return receipt requested, a response setting forth that not only was the debt disputed but that it was not, nor ever, owed by plaintiff to the bank.  The six-page letter included letters from the bank apologizing for the initial problems that improperly created the phantom debt.  See, Exhibit "B" attached hereto and made a part hereto.

11	Defendant never responded to plaintiff's certified letter request, as required by federal law, pursuant to 15 U.S.C. § 1681i(a)(1), although defendant did receive such letter.  See, Exhibit "C" attached hereto and made a part hereto.

12	In November and December 2007, plaintiff began to experience either increased charges for some services, increased interest charges for extension of credit or denial of credit because of his bad credit.

13	Plaintiff received a denial of a request for credit from Citibank (South Dakota), N.A., c/o Citicorp Credit Services, Inc. dated December 22, 2007.  The letter informed plaintiff that the reason for the denial was based on negative information supplied by Trans Union LLC, Consumer Relations Center, a national credit reporting agency (herein "CRA").  See, Exhibit "D" attached hereto and made a part hereto.

14	Plaintiff pulled his credit report on January 2, 2008 and learned that defendant had, indeed, listed its assigned debt from the bank as an obligation of plaintiff, and had failed to remove it pursuant to notice from plaintiff.  Further, plaintiff's credit report showed that both Trans Union (TUC) and Experian (XPN), two of the three national CRA's were reporting the same negative information and debt.  See, Exhibit "E" attached hereto and made a part hereto.

15	As a result of defendant's commissions and omissions, plaintiff has suffered, and will continue to suffer, actual damages of increase charges for consumer services related to his creditworthiness, increased interest charges and denial of credit altogether.

16	Defendant's conduct is knowing, malicious and intentional.

17	Plaintiff is entitled to her actual damages, civil penalties, punitive damages, attorney fees and expenses, all as provided by the FCRA and FDCPA.

<u>Count I</u>
(Violations of the FCRA)

18	Plaintiff incorporates by reference the foregoing ¶¶ 1 through 17.

19  Defendant ignored the Debt Validation Request, violating 15 U.S.C. § 1681s-2(8)(E)(i).

20  Defendant failed to validate the debt within 30 days, violating 15 U.S.C. § 1681s-2(8)(E)(iii).

21  Defendant, as of January 2, 2008, had not updated the negative account as *"disputed by consumer"* required by 15 U.S.C. § 1681s-2(a)(3).

22  As a direct result of defendant's conduct, action and inaction, plaintiff suffered and continues to suffer actual damages, including but not limited to, humiliation, embarrassment, emotional distress, anxiety, credit denial, higher interest rates, higher rates for consumer services and loss of opportunities.

23  Defendant's conduct was and continues to be willful, rendering defendant liable for compensatory, statutory and punitive damages, as well as attorney fees and expenses, pursuant to 15 U.S.C. §1681n.

24  In the alternative, defendant's actions were negligent, entitling plaintiff to recover statutory damages, attorney fees and expenses, pursuant to 15 U.S.C. § 1681o.

Count II
(Violation of the FDCPA)

25  Plaintiff incorporates by reference the foregoing ¶¶ 1 through 24.

26  Defendant never responded to plaintiff's certified letter request, as required by federal law, pursuant to 15 U.S.C. § 1681i(a)(1), although defendant did receive such letter.

27  As direct result of defendant's conduct, plaintiff suffered and continues to suffer actual damages, including but not limited to, humiliation, embarrassment, emotional distress, anxiety, credit denial, higher interest rates, higher rates for consumer services and loss of opportunities.

28  Plaintiff is entitled to recover actual damages, statutory penalties, costs and attorney's fees pursuant 15 U.S.C. § 1692k.

WHEREFORE, plaintiff James R. Glass, Jr. prays for judgment against defendant The Best Service Co., Inc. as follows:

    A.    Compensatory damages;

    B.    Statutory penalties;

    C.    Punitive damages;

    D.    Pre-judgment interest;

    E.    Reasonable attorney's fees and expenses of litigation;

    F.    Court costs and

    G.    For all other just and proper relief in the premises.

REDMOND & NAZAR, L.L.P.
245 North Waco Street
402 Farm Credit Building
Wichita, Kansas 67202
Telephone: (316) 262-8361
Facsimile: (316) 263-0610
Cell phone: (316) 371-9586
e-mail: jhcassell@redmondnazar.com

By:    s/ Joseph H. Cassell
    Joseph H. Cassell #10861
    Attorneys for plaintiff
    James R. Glass, Jr.

### DEMAND FOR TRIAL BY JURY

Plaintiff requests a trial by jury on all issues so triable.

    s/Joseph H. Cassell
    Joseph H. Cassell #10861